## In re WILMERDING et al.

### (Circuit Court, S. D. New York. March 9, 1892.)

CUSTOM DUTIES—TARIFF ACT OF OCTOBER 1, 1890—CRASH OR CANVAS.
　　Crash or canvas, 15 and 17 inches in width, respectively, made of flax tow, and of from 1 to 2 per cent. of cotton, and containing less than 100 threads to the square inch, counting both warp and filling, is not dutiable at 40 per cent. *ad valorem*, as manufactures of other vegetable fiber except flax, or of which other vegetable fiber except flax is the component material of chief value, under the provision for such manufactures contained in paragraph 374 of the tariff act of October 1, 1890, (chapter 1244, 26 U. S. St. p. 567.)

At Law. Appeal by importers from decision of the board of United States general appraisers.

During the year 1891 the firm of Wilmerding & Bisset imported from a foreign country into the United States at the port of New York certain merchandise, consisting of crash or canvas. This merchandise, having been returned by the local appraiser as manufactures of flax and jute, flax chief value, not exceeding 100 threads to the square inch, was classified for duty as manufactures of flax, under the provisions for such manufactures contained in paragraph 371 of the tariff act of October 1, 1890, (chapter 1244, 26 U. S. St. p. 567,) and duty at the rate of 50 per centum *ad valorem*, as provided by that paragraph, was exacted thereon by the collector of customs at that port. Against this classification and this exaction the importers protested, claiming that this merchandise, having, as its component material of chief value, tow,

was dutiable at the rate of 40 per centum *ad valorem* under the provision for "all manufactures of jute, or other vegetable fiber, except flax, hemp, or cotton, or of which jute, or other vegetable fiber, except flax, hemp, or cotton, is the component material of chief value, not specially provided for in this act," contained in paragraph 374 of the same tariff act. The board of United States general appraisers, to which the invoice of this merchandise, and all the papers and exhibits connected therewith, were transmitted by the said collector pursuant to section 14 of the administrative customs act of June 10, 1890, (chapter 407, 26 U. S. St. p. 131,) after taking evidence, (September 17, 1891, § 11,882, G. A. 73,) found that this merchandise was crash or canvas, 15 and 17 inches in width, respectively; that it consisted mainly of flax tow, and, in the case of one portion thereof, 1 per cent of cotton; of another portion, $1\frac{1}{4}$ per cent. of cotton; and of still another portion, 2 per cent. of cotton; that it contained less than 100 threads to the square inch; that tow was the coarse and broken part of flax; that, by specific provision of the aforesaid act, such portion of flax, when imported in bulk, was dutiable at one-half of 1 cent per pound; that textile fabrics, however, woven of this substance, become a manufacture of flax, and are subject to the rate of duty applicable thereto, when imported into the United States; and that the aforesaid classification of the collector was correct. From this decision of the board the importers appealed to the United States circuit court for a review of the questions of law and fact involved therein. Thereafter the board made its return, and upon the same the case was tried.

*W. Wickham Smith,* of *Curie, Smith & Mackie,* for importers, argued, in substance, that, as tow of flax was specifically provided for by paragraph 359 of the aforesaid tariff act, the merchandise in suit was therefore not a manufacture of flax, within the meaning of the provision for such manufactures contained in said paragraph 371; but was a manufacture of a vegetable substance other than flax, and dutiable as such, under the provision for such manufactures contained in said paragraph 374; citing, in support of this contention, the remarks of the supreme court as to "shoddy" found in the case of *Seeberger* v. *Cahn,* 137 U. S. 95-97, 11 Sup. Ct. Rep. 28.

*Edward Mitchell,* U. S. Atty., and *Thomas Greenwood,* Asst. U. S. Atty., for collector.

LACOMBE, Circuit Judge, (*orally.*) I shall affirm the decision of the board of United States general appraisers in this case, upon the ground that I cannot find that this article is composed of any other vegetable fiber except flax; and therefore I do not find that it is within the designation of the particular paragraph referred to by the importers. Whether or not it is a manufacture of flax I do not now decide. I cannot see that it is a manufacture of some vegetable fiber other than flax. Decision of the board of United States general appraisers affirmed.